UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CAPITALSOURCE FINANCE LLC.,

        Plaintiff,

   -v-                                       No. 09 Civ. 3283 (LTS)

CHARLES BLAICHMAN, ABRAM SHNAY
and ANDRE BALAZS,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/10

## MEMORANDUM ORDER

Before the Court is Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. For the forgoing reasons, Defendants' motion is denied.

### BACKGROUND AND DISCUSSION

The parties' familiarity with the proceedings and submissions to date is assumed. This section recites only those allegations necessary to adjudicate the instant motion. The following factual allegations are accepted as true for purposes of this motion.

In August of 2007, CapitalSource Finance LLC ("Lender") and Charles Blaichman, Abram Shnay and Andre Balazs (collectively "Defendants") entered in to a Guaranty of Recourse Obligations ("Recourse Guaranty"), a "Payment Guaranty" and a "Debt Service Guaranty". (Cmpl. ¶¶ 9,10.) The guaranties were made in connection with a $24 million loan (the "Loan Agreement") to 345 Development LLC ("Borrower"),

which is not a party to this action. (Id. ¶ 1, 10.) Defendants entered into several other related agreements, including a Limited Liability Company Agreement ("LLC Agreement) of 345 Development LLC. (Id. ¶¶ 9, 10.) The guaranties specify what recourse the Lender has as against the defendants in the event of a "Springing Recourse Event" or other relevant occurrence. (Id. ¶¶ 13-17.)

By letter dated March 4, 2009, counsel for Borrower purported to transmit a "duly executed and acknowledged Bargain and Sale Deed (the 'Deed-in-Lieu') transferring all of Borrower's right, title and interest in and to the Property to Lender," and asserted that the transmission or delivery of the deed extinguished the Payment and Debt Service Guaranties and relieved Defendants of any obligations under the Recourse Guaranty. (Id. ¶¶ 11, 12.) Plaintiff, claiming that the purported deed transfer was ineffective to extinguish Defendants' Payment and Debt Service Guaranties and itself triggered obligations under various provisions of the Recourse Guaranty, asserts causes of action for breach of contract, breach of guaranty, specific performance and declaratory judgment, and seeks attorney's fees.

Although the relevant facts are largely undisputed, the parties' positions as to the interpretation, interrelationship and effect in the instant circumstances of a number of provisions of the various loan and guaranty-related contracts diverge sharply. (Section 3.01 of the Recourse Guaranty, Ex. D to the Rudofsky Dec., Section 3.07 of the Payment and Debt Service Guaranties, Ex. B &C to the Rudofsky Dec. as reproduced in Pl's Opp P. 5.)

In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Because the contractual provisions at issue are not entirely unambiguous, the facts plead are, given Plaintiff's legal assertions as to the intended operation of the contracts and drawing reasonable inferences in Plaintiff's favor, sufficient to state claims upon which relief may be granted. Accordingly, Defendants' motion to dismiss the Complaint is denied. The Court has by no means concluded that Plaintiff is likely to prevail, and this decision is without prejudice to Defendants' ability to renew their legal arguments in connection with summary judgment motion practice or trial.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Complaint is denied.

This order resolves docket entry no. 16.

SO ORDERED.

Dated: New York, New York
March 5, 2010

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge